James Mooney, Plff. in Err., *v.* William H. Reynolds et al.

---

## Same *v.* Albert L. Helmbold.

In an action to recover rent due upon a lease of hotel property, an affidavit of defense is sufficient to prevent judgment *pro tanto,* which avers that the tenant paid, at the plaintiff's request, for board of plaintiff and his family at said hotel a certain sum of money, and also paid a further sum, and assumed and promised to pay other additional sums, for repairs to the hotel, which bills were paid and contracted by the order and direction of

the plaintiff, and which repairs were required to be done by the plaintiff to enable the hotel to be properly carried on.

The above affidavit of defense is sufficient whether the action is against the tenant or his surety.

(Argued January 18, 1888.   Decided February 6, 1888.)

July Term, 1887, Nos. 153, 154, E. D., before GORDON, Ch.. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Writs of error to Common Pleas No. 1 of Philadelphia County to review the refusal of an entry of judgment for want of a sufficient affidavit of defense.   Affirmed.

These were two actions brought by James Mooney, landlord,. against, in the first case, William H. Reynolds and William Neil, trading as Reynolds & Neil, his tenants, and in the second,. Albert L. Helmbold, their surety, to recover rent due upon a lease.

The facts were as follows:

James Mooney, the plaintiff in error, is the owner of the New Columbia Hotel, at Cape May, New Jersey.   By agreement of lease in writing, dated May 22, 1886, said premises were let by him to Reynolds & Neil, for the term of one year from May 1, 1886, at the rental of $7,000 for said term, payable as follows: $2,000 payable on July 20, 1886, $2,000 on August 5, 1886,. $1,000 on August 12, 1886, $2,000 on August 20, 1886.

Albert L. Helmbold, the defendant, was the surety for said lessees.

The lessees paid in cash the rent due July 20 ($2,000), and August 5, 1886 ($2,000), and one half of the rent due August 12, 1886 ($500).   The balance of the rent, $2,500, and a gas, bill of $378.61 remain due, owing and unpaid to plaintiff; and to recover the same ($2,878.61), plaintiff in error brought this action in covenant against the defendant, as surety for Reynolds & Neil, the lessees.

The lease contained the following clause:

"That the lessor will immediately have repaired and placed in complete order the lawn and lawn fence on said premises, have all the walls plastered, calcimined, and whitewashed where necessary, have the engine put in running order, have all the furniture on the premises which may now be damaged placed in, good condition forthwith, have all necessary gas fixtures fur-

nished and hung, have billiard tables and complete fixtures therefor set up on said premises, have the carpets on said premises cleaned where necessary, and furnish the lessees a complete outfit of crockery, china, and glass ware, for the running of said hotel; the same to be returned in good order and condition to the lessor, by the lessees, at the termination of this lease."

The tenants filed an affidavit of defense as follows:

The claim in suit is for rent of the New Columbia Hotel, at Cape May, in the state of New Jersey, amounting to $7,000. Of this sum, defendants paid to plaintiff in cash the sum of $4,500.

Deponents also paid in addition, at the instance and request of plaintiff, for board of plaintiff and his family at said hotel during the summer of 1886, and for repairing and placing in order the said hotel and the lawn thereof, and the lawn fence and the furniture, engine, and billiard tables of said hotel, the sum of $800; and defendants also assumed and promised to pay additional bills for similar purposes, amounting to $400. All of these payments and all of these bills contracted, amounting together to $1,200, were paid and contracted by the order and direction of said plaintiff and to cover those things which were requisite to be done by him to enable the said hotel to be properly carried on.

A supplemental affidavit of defense filed merely furnishes a list of the bills referred to in the original affidavit, with dates, names, and amounts.

The surety defendant filed a similar affidavit of defense in which it was further averred that the repairs made were necessary under the above clause in the lease.

In both cases the plaintiff entered a rule for judgment for want of a sufficient affidavit of defense, but this judgment was refused, and the rule discharged.

The assignments of error specified: (1) The refusal of the judgment; and (2) the discharging the rule therefor.

*Joseph P. McCullen,* for plaintiff in error.—The affidavits are insufficient, because:

1. The payments are not averred to have been made and accepted on account of the rent sued for, which is necessary. Selden v. Reliable Sav. & Bldg. Asso. 81* Pa. 336; Green v. Storm, 3 Sandf. Ch. 305; Hill v. Austin, 19 Ark. 230; McGill v. Ott, 10 Lea, 149.

2. There is no formal claim to set off these payments, and the facts and circumstances are not sufficiently stated. These payments are not alleged to be now due by plaintiff to defendant. Louchheim v. Becker, 3 W. N. C. 449.

3. The bills defendants "assumed and promised to pay" cannot be set off. Henderson v. Lewis, 9 Serg. & R. 383, 11 Am. Dec. 733.

4. It is necessary that the affidavit should aver that plaintiff failed to make the repairs required by the lease. The landlord is not ordinarily required to make repairs. Kline v. Jacobs, 68 Pa. 57; Hitner v. Ege, 23 Pa. 305.

If not bound to repair by the lease, his promise to repair is without consideration. Libbey v. Tolford, 48 Me. 316, 77 Am. Dec. 229; Proctor v. Keith, 12 B. Mon. 252; Gottsberger v. Radway, 2 Hilt. 342.

5. In the absence of above averments, every intendment is against the defendants. Comly v. Bryan, 5 Whart. 265; Bardsley v. Delp, 88 Pa. 421.

6. A surety cannot set off a claim belonging to his principal. Waterman, Set-Off, p. 57, § 54; Gillespie v. Torrance, 25 N. Y. 311, 82 Am. Dec. 355; Graff v. Kahn, 18 Ill. App. 485; Baltimore & O. R. Co. v. Bitner, 15 W. Va. 455, 36 Am. Rep. 820; Henry v. Daley, 17 Hun, 210; Lasher v. Williamson, 55 N. Y. 619; Morgan v. Smith, 7 Hun, 244; Lewis v. McMillen, 41 Barb. 420; Jones v. Blair, 57 Ala. 457.

*E. Cooper Shapley,* for defendants in error in both cases.— The defense set up is not a set-off but a payment, which both tenant and surety can plead. Avery v. Brown, 31 Conn. 398; Com. v. Clarkson, 1 Rawle, 293; Roper v. Bumford, 3 Taunt. 76; Waterman, Set-Off, §§ 2, 3, 6; Adams, Eq. 222.

PER CURIAM:
The judgments in the two above-named cases are affirmed.